WILLIAM H. DOWNS *vs.* GERMAN ALLIANCE INSURANCE COM-
PANY and GERMAN AMERICAN INSURANCE COMPANY.

*Fire Insurance—Policy; Conditions of—Manufacturing Estab-
lishment—Not operated for more than ten days—Non-
suit.*

Where it is a condition of a fire insurance policy that if the subject of
the insurance is a manufacturing establishment and shall cease to be op-
erated for more than ten consecutive days, the policy shall become void;
the plaintiff, in an action on such policy, cannot recover if it appears
from the testimony presented by him that the property insured was a
manufacturing establishment which ceased to be operated for more than
ten consecutive days immediately preceding the fire.

*(October* 12, 1906.)

LORE, C. J. and PENNEWILL, J., sitting.

*Robert C. White* and *C. W. Cullen* for plaintiff.

*James H. Hughes* and *Frank M. Jones* for defendants.

Superior Court, Sussex County, October Term, 1906.

SUMMONS CASE (No. 251, October Term, 1904.)

Action to recover on insurance policies for the value of cer-
tain sewing machines of the plaintiff destroyed by fire in a build-
ing or factory in the town of Georgetown, on April 7, 1904.

The plaintiff's evidence disclosed the following facts: That
the policy, which was for $1,000, was dated December 12, 1903,
and issued for one year. That Frank W. Donovan—who was
admitted by defendants' counsel to be the local agent of the de-
fendants for the purpose of soliciting insurance—first learned of
the fire and went out and notified the plaintiff of th efact; that
the plaintiff inquired as to what was necessary for him to do
under the policy in order to secure his insurance and that Mr.
Donovan told him there was nothing for him to do but that he
(Donovan) would give notice to the company and that they
would come down and adjust the loss and pay the amount of
the policy. That several times during the period of sixty days

next ensuing the plaintiff called upon Donovan and asked him when the adjuster was coming down and was informed by Donovan that he had written to the adjuster and had heard from the latter, who was then sick, but who would come down as soon as he was able to do so. That within a few days after sixty days had elapsed the adjuster having failed to come down and adjust the loss, the plaintiff placed the matter in the hands of his attorney and suit was entered. That thereafter plaintiff and his counsel called upon Donovan and at the latter's suggestion formal proofs of loss were made out under said Donovan's direction and handed to him; that the company refused to pay the claim.

On cross examination the plaintiff admitted that at the time of the fire the sewing machines in question were in a leased building and that they were being operated for the purpose of sewing together or making up shirt patterns which were shipped to him in bulk and after being finished were returned to the parties who had shipped the patterns; that in the building were engines, shafting and necessary machinery for running the sewing machines, the same being operated by steam power; that the said sewing machines were purchased from the Singer Sewing Machine Company, one-third being paid down when the machines were delivered and notes being given payable in eight months for the balance, the company to hold the said machines as security until the balance was paid. That after the machines were destroyed by fire, plaintiff paid to the company the balance due upon the same. The plaintiff further stated that there was no chattel mortgage on the machines in question, but admitted that the factory during the insured period and preceding the fire had been shut down as long as ten consecutive days on account of the severity of the weather.

## MOTION FOR NONSUIT.

When the plaintiff rested, counsel for defendant moved for a nonsuit upon the following grounds:

*First.* That from the plaintiff's evidence it appears that the interest of the insured in part of the property insured was other than unconditional and sole ownership, which makes the

entire policy on which he sues void under the conditions thereof as provided in lines 16 and 17. The evidence shows that the insured was a lessee of a large part of the property mentioned in the policy.

This provision means ownership at date of policy.

3 *Joyce on Ins.* 2048; 165 *Pa. St.* 298.

Some of the authorities sustaining the position that if the ownership of the property at the time of the insurance is other than *unconditional* and *sole* the policy is void, are:

*Vance on Ins.* 442; 13 *Am. & Eng. Ency. of Law*, 2d *Ed.*, 233; 55 *Ill. App.* 275 (half owner of boat); 27 *Mo. App.* 26 (property sold and deed in escrow); 66 *Cal.* 361 (goods insured by stockholders and com. merchants holding them for advances and sale); 77 *Ia.* 319; 70 *Md.* 536 (conditional sale).

*Second.* Because no notice and proof of loss conforming to the requirements of the policy of insurance were given and filed with the company as required by the terms of the policy.

*Lines* 67 to 76 *inclusive.*

The policy requires immediate notice of loss to be given by the insured in *writing to the company.* The fire occurred April 7, 1904. The proof of notice is notice to the local agent of the company. Notice must be given to the company.

*Line* 67; *Vance on Ins.* 504; 18 *Wis.* 407.

Must be *immediate* notice, which means within a reasonable time.

29 *Pa. St.* 198.

The policy also requires that the insured "within sixty days after the fire, unless the time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon, all encumbrances thereon, all other insurance, whether valid or not, covering any of said property and a copy of all the descriptions and schedule in all policies. Any changes in the title, use, occupation, location, possession or exposure of said property since the

issuing of this policy by him and for what purposes any building herein described and the several parts thereof were occupied at the time of the fire."

*Lines* 70 *to* 76 *inclusive.*

The proof of loss proved to have been filed in this case fails to show. —

(a) Interest of insured and others in property.

(b) Encumbrances.

(c) Copy of all descriptions and schedules in other policies.

(d) Any changes in title, use, occupation, location, possession or exposure, etc.

The proofs of loss so filed were not filed within sixty days after the fire, the fire having occurred April 7th and the proofs of loss which are undated having been, according to the evidence, mailed in June.

Proof of loss within the time specified in the policy is necessary to entitle the plaintiff to recover.

4 *Joyce on Ins.* 3280; 90 *Mich.* 302.

If it is possible for the insured to give all the information required he must do so.

*Vance on Ins.* 499.

*Third.* Because it appears from the plaintiff's evidence that the subject of the insurance was a manufacturing establishment, being a shirt factory, and that it ceased to be operated for more than ten consecutive days, that is from January 1st to the date of the fire, which under the conditions of the policy, lines 13 and 14, render the policy void.

3 *Joyce on Ins.*, 2216; 1 *Marvel*, 32 (42, 44, etc.); 153 *Mass.*, 475.

*Fourth.* Because under the terms of the policy of insurance the suit or action brought was brought before full compliance by the insured with the requirements of the policy. The policy in lines 106 and 107 provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

*Vance on Ins..* 502; 4 *Joyce on Ins.*, 3280–1; 90 *Mich.*, 302 (304).

PENNEWILL, J.:—Gentlemen, we feel very reluctant in this, as we do in any case, to order a nonsuit, and withdraw the case from the jury; but under the evidence now before us and the law applicable thereto, as we understand it, we do not see how we can possibly avoid granting the motion, and we therefore direct that a nonsuit be entered, on the third ground upon which counsel for defendant bases his motion, to wit: "Because it appears from the plaintiff's evidence that the subject of the insurance was a manufacturing establishment, being a shirt factory, and that it ceased to be operated for more than ten consecutive days, that is from January 1st to the date of the fire, which under the conditions of the policy, lines 13 and 14, render the policy void."

MR. WHITE:—If your Honors please, we refuse the nonsuit.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—For the reasons we have already given in your hearing, we direct you to return a verdict in this case in favor of the defendants.

Verdict for defendants.