———o———

CLARENCE H. EMORY *vs.* GLENS FALLS INSURANCE COMPANY.

*Fire Insurance Company—Policy; Conditions of—Proof of Loss—Waiver—Conduct of the Company—Presumption —Principal and Agent.*

1. Certain provisions contained in a policy of fire insurance *held* to be binding upon the plaintiff; and to entitle him to a recovery it must be shown that they were complied with, unless the jury should find from the evidence that a compliance was either expressly or impliedly waived or excused by the defendant company or its duly authorized agents.

2. The weight of authority is to the effect that the condition of a policy requiring proofs of loss within a certain time may be waived by the acts and declarations of the agent of the company authorized to adjust a loss, notwithstanding the provision in the policy requiring a waiver to be in writing.

3. If the defendant company through its adjusting agent so conducted itself as to induce the plaintiff, as a reasonable, fair-minded person, to believe that the company would not require formal proofs of loss, and if the plaintiff, relying upon the acts and declarations of such agent of the company, did not make proofs of loss, as required by the condition of the policy, then the defendant is precluded from insisting that such proofs shall be made within sixty days after the fire.

(*April* 16, 1908.)

JUDGES SPRUANCE and BOYCE sitting.

*A. D. Marshall* and *J. Hall Anderson* for plaintiff.

*James H. Hughes* for defendant.

Superior Court, Sussex County, April Term, 1908.

SUMMONS CASE (No. 17, April Term, 1907) to recover upon a fire insurance policy for the value of certain property covered by said policy and which was destroyed by fire, August 11, 1906.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Clarence H. Emory, the plaintiff, against the Glens Falls Insurance Company, the defendant, upon a fire insurance policy issued by the defendant company to the plaintiff.

The policy insured the plaintiff for one year from the date thereof—March 19th, A. D. 1906—against loss or damage by fire to the property described therein to an amount not exceeding seven hundred and fifty dollars, that is to say, three hundred dollars on the frame two-story, shingle-roof building then occupied by the plaintiff as a wheelwright and blacksmith shop; and four hundred and fifty dollars on tools, apparatus and machinery, stock and materials, used in the business of the plaintiff while contained in said building or shop, near Milford, in this county.

It is conceded that the building and property covered by the policy were destroyed by fire on the night of August 11th, A. D. 1906. The plaintiff claims that the value of the building was about five hundred dollars, and that of the other property was $521.88. The plaintiff seeks to recover in this action the sum of seven hundred and fifty dollars, the amount for which the said building and property were insured, with interest from December 9th, A. D. 1906, said to be $60.78, aggregating the sum of $810.78.

By agreement of counsel, filed in this case, the defendant admits as proved all facts and things necessary to be proved by the plaintiff to enable him to recover (including the policy of insurance, which is the basis of this suit)—except (1) that proofs of loss were rendered within the time required by the terms of the policy; (2) that proofs of loss rendered were sufficient in form or substance; (3) that the rendering of proofs of loss was in any wise waived or excused; (4) that the time for rendering proofs of loss was in any way extended; (5) the requirements or conditions of the policy of insurance to the effect that the loss should not be payable until sixty days after satisfactory proofs of loss had been received by the company; (6) the requirements and conditions of the policy of insurance to the effect that no suit or action on this policy should be sustainable in any court of law or equity until a full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.

The defendant company relies upon the following clauses contained in the policy to defeat a recovery in this action:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; and all encumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; and any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose

any building herein described and the several parts thereof were occupied at the time of the fire; and shall furnish the required verified plans and specifications of any building, fixtures or machinery destroyed or damaged; and shall also if required furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise nor related to the insured) living nearest the place of fire stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until a full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire."

"This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

These provisions contained in the policy are binding upon the plaintiff and to entitle him to a recovery it must be shown that they were complied with, unless you should find from the evidence that a compliance was either expressly or impliedly waived or excused by the defendant company or its duly authorized agents.

The plaintiff admits that formal proofs of loss, such as are required by the said provisions, were not made within sixty days after the fire. And he contends that the requirement for such

proofs was waived by the acts and conduct of the defendant, after notice of the fire, and within sixty days after the fire.

It was contended by counsel for the defendant that there could not be an extension of time for filing proofs of loss, or a waiver of such proofs, unless such extension or waiver was made in writing by the company, or some authorized agent.

As the case stands before you, the question of liability of the defendant turns upon the question whether the defendant did waive formal proofs of loss.

This Court in the case of *Schilansky, et. al. vs. Fire Insurance Company*, 4 *Pennewill*, 293, held that in considering the provisions of policies of insurance relating to matters required to be done by the insured, subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the courts to give to such provisions a construction favorable to the insured, so far as the same can be reasonably done.

The weight of authority is to the effect that the condition of the policy requiring proofs of loss within a certain time may be waived by the acts and declarations of an agent of the company authorized to adjust a loss, notwithstanding the provision in the policy requiring a waiver to be in writing.

This Court in the case of *Reed vs. Continental Insurance Company*, 6 *Pennewill*, 204, said: "It was competent for the defendant to waive such proofs of loss. It is not in all cases necessary that such waiver should be in writing and endorsed upon or attached to the policy. Such waiver may be proved by or inferred from the acts and conduct of the insurer, or its duly authorized agents." .

The plaintiff claims that he notified Mr. Causey, the local agent of the defendant company, at Milford, on the day after the fire, and that he was directed by Causey to make a list of the personal property destroyed with the value of each item; that he made such a list; that on September the 6th, 1906, Mr. Sweeney, an adjuster of the company, came to see him with Mr. Causey; that they went to the place of the fire with him and made an

inspection of the ruins; that Mr. Sweeney asked him if he had made a list of the personal property; that upon getting his list from his dwelling, he handed it to the adjuster who went over the list, making inquiries as to the cost of certain articles and how long he had had them; that he made notations upon the list; that he finally added the values which had been placed opposite each item, making the total $521.88; that he then deducted from the total one-fourth of the amount, and said that is what you are entitled to, but said we are not going to settle to-day, as we are going to investigate the matter; that afterwards he and the adjuster went to his dwelling; that the adjuster asked for paper and asked him to read off the list and values, which he did, the adjuster taking them down; that they afterwards compared the lists, and the adjuster taking a copy, left the original with the insured; that the adjuster again said to him, you are entitled to $391.41, but we will not settle to-day—will settle after a while. The plaintiff further contends that he saw Mr. Causey several times afterwards, within the sixty days and he told him "not to be uneasy." The plaintiff further claims that he informed Sweeney and Causey fully of the circumstances attending the fire, so far as he knew, and that he gave them all the information which the object of proofs of loss requires.

The defendant admits that Sweeney the adjuster, and Causey, its local agent, did visit the plaintiff and with him did go to the place of the fire within sixty days after the fire; that the adjuster did talk over the cause of the fire; that he did examine the list which had been made out by the plaintiff; that he did make the addition of the values set opposite the items of property alleged to have been destroyed; that he did deduct twenty-five per cent, from the total, but at the suggestion of the plaintiff.

The defendant denies that the adjuster offered to make a settlement with the plaintiff upon any basis, but contends that the adjuster said to the plaintiff that he neither affirmed nor denied liability of his company for the loss; that he told plaintiff to comply with the terms and conditions of the policy and directed his attention to the provisions of the policy respecting proofs of loss.

The evidence in support of the contention of the parties was conflicting.

We have been asked to instruct you to find a verdict for the defendant. This we decline to do. We think the question of waiver should be submitted to you in view of the conflict of testimony, and it is for you to find under all the evidence before you whether the acts and declarations of the adjuster were sufficient to reasonably induce in the mind of the plaintiff, the belief that proofs of loss, within the sixty days, would not be required.

If you find that the defendant company through its adjusting agent, so conducted itself as to induce the plaintiff, as a reasonable, fair-minded person, to believe that the company would not require formal proofs of loss, and that the plaintiff, relying upon the acts and declarations of such agent of the company, did not make proofs of loss, as required by the condition of the policy, then we say to you that the defendant is precluded from insisting that such proofs should have been made within sixty days after the fire, and your verdict should be for the plaintiff.

On the other hand, if you should find that the conduct of the adjuster, as shown by the evidence, was not such as to induce a reasonable person to believe that formal proofs of loss would not be required under the conditions of the policy, or if you should find that the plaintiff, knowing that such proofs were necessary, or being so informed by the adjuster, refused or neglected to make such proofs, your verdict should be for the defendant.

You should determine this case upon the preponderance of the evidence. Where the evidence is conflicting, as in this case, the jury should reconcile it if they can. If this cannot be done, you should be governed by that part of the evidence which, under all the circumstances of the case, you believe to be most entitled to credit.

Your verdict should be for that party in whose favor there is the preponderance or greater weight of evidence.

Verdict for plaintiff for $810.78.