WILMINGTON AMUSEMENT COMPANY v. THE PACIFIC FIRE INSURANCE COMPANY.

(*June* 20, 1941.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Hugh M. Morris* and *S. Samuel Arsht* for plaintiff.

*David F. Anderson* (of Southerland, Berl, Potter and Leahy) for defendant.

Superior Court for New Castle County, May Term, 1941.

LAYTON, Chief Justice:

The demurrer challenges the sufficiency of the first count of the declaartion. It was alleged that on June 8, 1938, the defendant issued its policy insuring against loss by fire the plaintiff's property in Wilmington, known as the Queen Theatre Building. On December 2, 1939, a fire occurred in a part of the building occupied by the plaintiff's lessee. The plaintiff had no knowledge of the fire and resulting damage until March 15, 1940, for the reason that its lessee did not notify it of the fire until that time.

Upon receipt of the information, the plaintiff gave immediate notice of loss to the defendant's authorized agent who accepted the notice without objection or complaint and notified the defendant at its home office of the loss and damage on a written form provided by the defendant for such purpose. On June 19, 1940, the plaintiff submitted to the defendant written proofs of loss which contained all of the information required under the terms of the policy.

The policy in suit contained the following provisions:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company * * *; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; * * *."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire".

The defendant demurred on the grounds that the plaintiff failed to give immediate notice of loss, and failed also to furnish proofs of loss within the time required by the terms of the policy.

The purpose of a provision for notice and proof of loss is to afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form an intelligent estimate of its rights and liabilities before it is obliged to pay. *O'Reilly*

*v. Guardian Mutual Life Ins. Co.,* 60 *N. Y.* 169, 19 *Am. Rep.* 151. Such stipulations are, generally speaking, reasonable, valid and binding. Extrinsic circumstances and events may, however, operate to excuse delay in compliance with the requirements for giving immediate notice of loss; and the prevailing rule is said to be that where, because of circumstances and conditions surrounding the transaction, and through no fault or negligence on the part of the insured, the giving of notice within the stipulated time was impossible, the failure to give such notice will not bar a recovery on the policy, if notice is given within a reasonable time after the removal of the obstacle. 29 Am. Jur. 832.

The plaintiff is a Delaware corporation. The declaration does not disclose where its business organization was maintained, nor anything of the character and extent of the fire. Whether the plaintiff was at fault in not learning of the fact of the fire in its building for several months after its occurrence depends on a variety of factors; and as, for other reasons, the demurrer must be sustained it is unnecessary and unadvisable to determine the question.

It seems, from the plaintiff's brief of argument, that the notice of loss given to the defendant's agent on March 15, 1940, was verbal only; but as the defendant does not rely on the stipulation of the policy requiring written notice of loss the plaintiff's contention that written notice was unnecessary in view of the acceptance by the defendant's agent of verbal notice without objection need not be noticed further than to say that notice of loss and formal proofs of loss are matters entirely distinct. Both are required; and a mere notice of loss, verbal or written, cannot supply the place of, or dispense with, the more formal proof required by the policy. *O'Reilly v. Guardian Mutual Life Ins. Co., supra.*

Admittedly, proofs of loss were not furnished to the defendant until June 19, 1940, more than six months after the occurrence of the fire, and more than sixty days after the plantiff had knowledge of it. The plaintiff contends that the provision of the policy that no action shall be sustainable thereon until after full compliance by the insured with the stipulation as to notice and proof of loss, operates merely to suspend the right of the insured to sue on the policy until the expiration of sixty days after submission of such proof. Under this view, the giving of notice and the furnishing of proof of loss are regarded as conditions precedent to the institution of suit, not to liability. The theory is that if the policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after the loss has occurred, but does not impose a forfeiture for failure to furnish them within the time limited, and does impose forfeiture for a failure to comply with other provisions of the policy, a condition precedent to liability is not indicated, but merely an intention that payment of loss shall be postponed until proof of loss is furnished, and the insured may recover on the policy provided that the stipulated limitation of time for bringing suit has not expired. 5 Joyce, Insurance, 2nd Ed., 5483; 7 Couch, Cyc. Insurance Law, 5450; 7 Cooley's Briefs on Insurance, 5770. It may be supposed that the courts holding to this view proceed on the theory that such provisions in the policy considered as a whole create an ambiguity, and as a forfeiture will never be implied or enforced unless unmistakably intended, such requirements as to notice and proof of loss are not conditions precedent to liability.

The decisions of the state courts are in conflict on the question. See note to *Dixon v. State Mutual Ins. Co., L. R. A.* 1915*F*, 1214; *note to Davis v. Northwestern Mutual Fire Ass'n,* 15 *Ann. Cas.* 335. In the federal courts, the provi-

sion requiring proof of loss to be furnished within a stipulated time is regarded as a condition precedent to the right of the insured to maintain suit. In *Harris v. North British & Mercantile Ins. Co., Ltd.,* (5 *Cir.*) 30 *F.* 2d 94, 95, *certiorari denied,* 279 *U. S.* 852, 49 *S. Ct.* 348, 73 *L. Ed.* 995, it was said,

"But the insured agreed to a requirement that he would make proof of loss within 60 days after a fire, and that no action on the policy should be sustained until after full compliance with that requirement. In other words, there was a contractual limitation of time upon the right to make proof of loss as well as upon the right to maintain suit. That limitation is not attacked as unreasonable, and does not appear to be so. It was impossible for the insured to show 'full compliance' with the requirement as to proof of loss after 60 days had elapsed from the date of the fire; for time of compliance was made an essential element of the requirement."

In *Niagara Fire Ins. Co. v. Pospisil,* (8 *Cir.*) 52 *F.* 2d 709, 710, 79 *A. L. R.* 404, the court had under consideration provisions precisely the same as those before us. The "full compliance" provision of the policy was carefully examined. It was held that the argument advanced, that the word "until" is not as inexorable as the word "unless", and that notwithstanding the time limitation and failure to act within it, suit might still be instituted, was not impressive, as it robbed the limitation as to time within which proofs of loss must be made of any significance whatever. And as removing all possible doubt, it was pointed out that proofs of loss must be served within sixty days, "unless such time is extended in writing by this company". It was said that the obvious significance of the clause was to emphasize the vital nature of the time limitation; that the time limitation was not self-expanding, but that the parties

agreed not only that the circumstances might not expand it beyond sixty days to whatever might be held was a reasonable time, but that the parties themselves would extend it only by formal writing; and that it was the intention of the paries that compliance with the provision should be essential to recovery on the contract, for the time limitation was of its essence.

What has been said is but introductory to our own ruling in the case of *Emory v. Glens Falls Ins. Co.*, 7 *Penn.* 101, 76 *A.* 230. There, in an action on a fire insurance policy containing identical provisions, it was admitted that formal proofs of loss were not made within sixty days after the fire; but the plaintiff contended that the requirement had been impliedly waived. It was said expressly that the question of liability turned on the question of waiver. The jury was instructed that the provisions of the policy with respect to furnishing proofs of loss were binding on the plaintiff, and to entitle him to recovery, must be shown to have been complied with, unless waived or excused. We think that our predecessors in this court viewed the time limitation as of the essence of the contract and compliance therewith a condition precedent to liability. The case is so classified in the note in L. R. A. 1915F, 1214, supra, and in 33 C. J. 14; and we have no reason to doubt the correctness of the classification. No inference of a contrary view can be drawn from *Downs v. German Alliance Ins. Co. et al.*, 6 *Penn.* 166, 67 *A.* 146. We frequently have ruled that this Court should follow its own prior decisions except for urgent reasons and upon clear manifestation of error. *Wilson v. Bethlehem Steel Co.*, 1 *Terry* (40 *Del.*) 157, 7 *A.* 2d 906. A departure from this rule would lead only to confusion. In view of the sharp division of opinion on the question as reflected by the authorities, they were unable to say that this court in the

Emory case was truly in error, and we feel bound to adhere to the ruling in that case. If the argument is to be accepted as sound, that the insurer is attempting to enforce a forfeiture for a failure to comply with a provision which is not included among specifically enumerated grounds of forfeiture; and, strictly construing the policy against the insurer, the conclusion is to be reached that the failure to make proofs of loss within the stipulated time has the effect only of postponing suit, maintainable nevertheless if such postponement does not extend beyond the limitation of time provided by the policy for bringing suit, the Supreme Court is the tribunal to which the argument should be addressed.

Even assuming that the plaintiff was not at fault in not learning of the occurrence of the fire and resulting damage until March 15, 1940, and that the date of discovery was the commencement of the sixty-day period within which proofs of loss were required to be served, the condition of the policy was not met, nor was any excuse offered.

It follows that the count fails to disclose a cause of action, and the demurrer is accordingly sustained.