Joseph V. HUGHEY, Plaintiff,

v.

AETNA CASUALTY & SURETY COM-PANY, Defendant.

Civ. A. No. 2380.

United States District Court
D. Delaware.

July 13, 1962.

---

Plaintiff filed a declaratory judgment action, alleging he is covered by a liability policy issued by defendant insurance company, and seeks a trial by jury. Pretrial discovery has been utilized. Defendant now seeks summary judgment. A statement of the facts found from the paper record [1] is required.

Several days before May 24, 1959, plaintiff borrowed a car from Frank W. Diver, Inc., a local dealer. Defendant had issued a public liability policy covering the borrowed vehicle.[2] On May 24, 1959, plaintiff was driving the car in an easterly direction on Basin Road toward U. S. Route 13, outside of Wilmington, Delaware. An accident happened when another car going west on Basin Road swerved off its right side of the road, jumped a drainage ditch, drove into a bank, and then shot back across the road and collided with a car [behind plaintiff's car] also going easterly on Basin Road.[3] At the time of the accident plaintiff stated he had progressed so far in an easterly direction along Basin Road, he was not aware as to when, where, or how the accident happened for he did not see it occur. As he proceeded, another car passed him and the driver shouted that an accident had taken place back in the direction from where plaintiff had come. Plaintiff turned around and drove to the scene of the accident and there an unknown man accused plaintiff of driving over the white center line of the road before the accident occurred. Plaintiff states he has no recollection of driving other than on his own side of the road. One witness involved in the accident did not see any car cross over the center white line.[4]

Several days after the accident, a State Police Officer called on plaintiff and sought help in filling out the accident report. The officer told plaintiff while he may not have been involved in the accident, the matter should be reported, as a matter of caution, to plaintiff's insurance company.[5] The agent to whom plaintiff gave oral notice of the accident stated plaintiff had told him "he was not involved in the accident."[6] Plaintiff had no further cause to discuss the accident until several months later when on September 15, 1959 he was served with a summons and complaint from the Superior Court of the State of Delaware.[7] It was then plaintiff talked to the agent of his insurer and was told that an insurance company other than his own "could be responsible for an accident alleged to be partly (his) fault."[8] Four days later, on September 19, 1959, defendant insurance company was given notice of the accident.[9] Defendant characterizes this notice of less than four months as a "quite flagrant breach" of the notice provision of its policy covering the Frank W. Diver, Inc., auto agency, but, it appears defendant did not disclaim liability in September 1959. On the contrary, it commenced to investi-

1. The present record consists of the complaint, answer, interrogatories, requests for admission, depositions, affidavits, etc.

2. Complaint, Answer ¶8, and defendant's policy attached to Stipulation of counsel.

3. Dept. Weaver, pp. 4–7.

4. Ibid. p. 4.

5. Hughey, Aff. p. 2.

6. Wiley, Aff.

7. Plaintiff's answer to Interrogatory No. 8.

8. Hughey, Aff., p. 2.

9. Plaintiff's amended answer to Interrogatory No. 4.

**510**

gate the accident. For example, on October 12, 1959, one of the defendant's agents interviewed plaintiff, procured his signed statement, and went with plaintiff to the scene of the accident. On November 13, 1959, a signed statement was obtained from a witness to the accident named Ericson.[10]

On March 31, 1960, plaintiff was served with a second summons and a complaint which had been filed in the Delaware Superior Court by another person involved in the accident. Damages sought in the two Delaware actions totalled $500,000.[11] Defendant insurance company disclaimed coverage under its policy on January 21, 1960.

William T. Lynam, III (Ernest S. Wilson, Jr.), Wilmington, Del., for plaintiff.

E. N. Carpenter, II and William E. Wiggin (Richards, Layton & Finger), Wilmington, Del., for defendant.

LEAHY, Senior District Judge.

1. Defendant argues that plaintiff's failure to perform the condition precedent[12] to defendant's liability asserted here, discharges defendant from any duty or obligation, under the policy covering the Frank W. Diver, Inc., car agency, to plaintiff who was operating one of the agency's cars at the time of the accident—i. e., although plaintiff notified his own insurer promptly of the accident, no notice was given defendant insurance company until the first action had been started in the Delaware Superior Court and by that time there had been a lapse of nearly four months. Notice under the policy should have been given *"as soon as practicable"* and, defendant argues, the notice in the case at bar was obviously unjustifiable.

Delaware law provides compliance with a notice provision in this type of insurance policy is a condition precedent to a defendant insurance company's liability, Wilmington Amusement Co. v. Pacific Fire Insurance Co., 2 Terry 294, 41 Del. 294, 21 A.2d 194; Vechery v. Hartford Accident & Indemnity Ins. Co., 10 Terry 560, 565, 49 Del. 560, 565, 121 A.2d 681; Nationwide Mutual Insurance Co. v. Mast, (unreported) Delaware Su-

---

10. Defendant's answer to plaintiff's Interrogatory No. 6(a).

11. Complaint and Answer, ¶¶ 6, 7.
   Trial in the first case commenced on May 7, 1962 and on May 23, 1962, judgment was entered against Hughey [plaintiff here] for $10,876.40 and costs of $743.49. In the second case, judgment was entered on May 23, 1962 against Hughey for $8,079.50 and costs of $87.67. Both judgments have been satisfied of record. All expenses, including investigation, counsel fees and expert witnesses, etc., in connection with both cases on plaintiff's behalf come to $25,006.28. (Stipulation of counsel amending Complaint, pp. 1–2).

12. The insurance policy covering the vehicle which plaintiff was driving when the accident happened contained the following provisions:—
   "7. Notice of Accident—When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
   \* \* \* \* \*
   "10. Action Against Company—No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.
   \* \* \* \* \*
   "Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability."

perior Court, per Judge Christie, March 24, 1960; U. S. F. & G. Co. v. Phoenix Assurance Company of New York, (unreported) Delaware Superior Court, per President Judge Terry, January 24, 1962; and such law, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, applies in the present case. Delaware law further provides a requirement to give notice "as soon as practicable" means within a reasonable time under the circumstances; mere time lapse is not the determining factor.[13] Wilmington Amusement Co. v. Pacific Fire Ins. Co., supra. Aside from the case just cited, there are no Delaware authorities dealing with the point involved or the special circumstances presented in the case at bar. There is, however, the recent case of Home Indemnity Company v. Ware, D.C.Del., 183 F.Supp. 367, aff'd 3 Cir., 285 F.2d 852, involving a notice-delay of 85 days. Judge LAYTON wrote (183 F.Supp. p. 369): "In determining this question we should examine the facts and circumstances not through the eyes of a trained insurance adjuster, agent, or a lawyer, but from the point of view of [here, plaintiff Hughey], citizen." [14]

■ Under the facts and circumstances presented here, plaintiff's conduct vis-a-vis defendant insurer was not palpably unreasonable or unreasonable as a matter of law. Plaintiff was driving a borrowed car. First he did not know he was involved in the accident other than, perhaps, as a witness until he was sued. He did not consider that the policy of the lender of the car covered the accident. Nothing indicates he ever saw or read such a policy. When he did report the accident to his own insurance agent, he was not instructed to report the accident to defendant here;[15] and from that time until September 1959 (i. e., institution of the first suit) no one discussed the accident with plaintiff. Moreover, if plaintiff reasonably believed he was not responsible for the accident, then the 117 days delay notice is excusable.[16] Plaintiff's borrowed car did not come in contact with any of the three cars involved in the accident.[17] The State Police report describes plaintiff as a witness, not a participant to the accident. Apparently the car that passed plaintiff proceeded some distance on Basin Road before it struck the car behind plaintiff and also going east. At least plaintiff did not see or hear the accident occur. It is difficult to conclude plaintiff was unreasonable in believing he was not responsible for the accident. He notified defendant insurance carrier as soon as a claim was made against him. I find, under the particular facts of this case, he gave notice of the accident as soon as was practicable.

■ 2. There is no concern in the instant case with a waiver of a requirement to file a proof of loss either by fire or theft. As an independent ground, plaintiff urges here, however, there was a waiver of notice of the accident. Plaintiff notified defendant of the accident on September 19, 1959. After receiving such notice and a copy of the complaint

13. Under the same or somewhat similar circumstances as presented here, it has been held that substantial delays in giving notice to the insurer were excusable. See cases cited in Home Indemnity Company v. Ware, D.C.Del., 183 F.Supp. 367, 369–370, and 285 F.2d 852 et seq.

14. In affirming the holding of Judge LAYTON in the Court of Appeals (285 F.2d 852–853), Judge HASTIE wrote:
"We have found no authoritative Delaware ruling * * *. But in the great majority of the cases the courts have construed notice provisions of the type here in suit as requiring no more than that notice be given within a reasonable time in view of all facts and circumstances of the given case [cases cited]. We find no reason to believe that the Delaware courts would hold otherwise."

15. Plaintiff's answers to Interrogatories No. 9(a) and 11; Wiley Aff.; Hughey Aff., ¶ 11.

16. Vande Leest v. Basten, 241 Wis. 509, 6 N.W.2d 667. See, 18 A.L.R.2d 443, 472.

17. Plainitff's Request for Admissions, No. 4.

filed in the state action, defendant then investigated the accident. Statements were taken and witnesses interviewed. But, it was not until January 21, 1960 that defendant disclaimed coverage. On the basis of these facts, a jury could reasonably find defendant waived its right to assert the defense of delayed notice.[18]

The paper record is not adequate to reach the issue which may ultimately be reached of whether the delayed notice prejudiced the insurer, or whether plaintiff sustained a position of prejudice in assuming defendant would not disclaim coverage when it investigated the accident and apparently spent a considerable length of time thinking about its liability coverage.

Nothing contained herein is to be considered as a finding of fact nor have any inferences been drawn from anything found in the paper record. Certain statements appearing in the moving papers have been utilized in the light most favorable to plaintiff and against the movant, but only for the purpose of passing on the legal questions raised by the motion for summary judgment.[19] Any utterances about the legal points are related to the disposition of that motion and can hardly be considered as a definitive statement of the law of the case. At trial, plaintiff to sustain his legal position must adduce evidence and meet the required burden of demonstrating the facts upon which the legal rules here announced may be applied.

An order may be submitted denying defendant's motion for summary judgment and, after pretrial discovery is completed, the case should proceed to jury trial.

---

18. A–1 Cleaners & Dyers for Use of Sheldon v. American Mutual Liability Ins. Co., 307 Ill.App. 64, 30 N.E.2d 87; Security Insurance Co. of New Haven v. White, 10 Cir., 236 F.2d 215. See, 16 Appleman, Insurance Law and Practice, §§ 9084, 9088.

19. Cf. Stern & Co. v. State Loan and Finance Corp., D.C.Del., 205 F.Supp. 702, and Dauphin Corporation v. Sentinel Alarm Corporation et al., D.C.Del., 432 F.Supp. 206, and cases *re* summary judgment there discussed.