SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
(302) 856-5257

February 15, 2016

Stacey Cohee, Esquire
Deputy Attorney General
Department of Justice
Blue Hen Corporate Center
655 S. Bay Road, Suite 1A
Dover, Delaware 19901

Neilson Himelein, Esquire
Community Legal Aid Society, Inc.
100 West 10th Street
Suite 801
Wilmington, Delaware 19801

Re:   *Danberg v. Ovens*;
       **C.A. No. S15A-07-006 THG**

Date Submitted: January 8, 2016
Date Decided: February 15, 2016

Dear Counsel:

Pending before the court is an appeal filed by the respondents-below from a decision rendered by the Delaware State Human Relations Commission (the "Commission"). That decision concluded prisons were places of public accommodation and found that the respondents-below had violated the Delaware Equal Accommodations Act. For the reasons stated herein, the Commission's decision is reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2010, Robert Ovens ("Ovens") filed a complaint with the Commission,

1

alleging violations of Delaware's Equal Accommodations Act ("DEAL")[1] by then-Commissioner of the Delaware Department of Corrections, Carl C. Danberg; Warden of the Sussex Correctional Institution ("SCI"), G. R. Johnson; and the administrators of the medical service providers from SCI, Correct Care Solutions and MHM Services (collectively, the "Respondents"). Ovens was incarcerated at SCI three times between May 12, 2010, and May 13, 1013. The complaint alleged the Respondents denied Ovens, who is deaf, non-verbal and communicates through the use of American Sign Language ("ASL"), full and equal accommodations, facilities, advantages or privileges of SCI on the basis of his disability. Specifically, Ovens complained he was denied: (1) qualified interpreters for anger management classes, medical appointments, grievance hearings or other essential meetings; (2) telephone service equal to that available to hearing inmates; and (3) video conferencing with his criminal attorney, a service available to hearing inmates.

On March 31, 2011, the Commission dismissed Ovens' complaint, finding it did not have jurisdiction over the matter. Ovens appealed to the Superior Court and the Superior Court remanded the case for further proceedings, specifically directing the Commission to articulate its reason for concluding it lacked jurisdiction over Ovens' complaint.[2] Subsequently, by way of letter dated January 13, 2012, the Director of the Division of Human Relations advised the Superior Court she had decided not to request dismissal of Ovens' complaint and Ovens' complaint would be processed pursuant to DEAL procedures.

On July 6, 2012, Ovens re-filed his complaint as he was requested to do by the Division of Human Relations. The complaint named the same Respondents and alleged the same violations of

---

[1] 6 *Del. C.* §4500, *et seq*.

[2] *Lum v. State Human Relations Comm.*, 2011 WL 5330507 (Del. Super.).

2

DEAL as the original complaint. The Respondents filed a motion to dismiss for lack of subject matter jurisdiction. The Commission took the motion under advisement while it conducted an evidentiary hearing over the course of several days in September, October, and November of 2013.

After the hearing was concluded, but before the Commission rendered its decision on the matter, a Superior Court decision issued in the case *Short v. Delaware*.[3] In that case, Judge Brady considered whether a prison constituted a place of public accommodation and concluded:

> A correction facility clearly does not fit within the statutory definition of a place of public accommodation [pursuant to DEAL]. Correction facilities are designed specifically so that those people housed inside remain inside, and so those people outside of them are unable to gain access.[4]

The Commission subsequently solicited, and the parties submitted, the parties' positions on the relevance of the *Short* decision to Ovens' complaint.

By way of written decision dated December 16, 2014, the Commission issued its decision denying the respondents' motion to dismiss, finding the Commission had subject matter jurisdiction over the matter because a prison is a place of public accommodation. Further, the Commission concluded DEAL had, in fact, been violated and it awarded Ovens damages, attorneys' fees, and costs. The Respondents filed a motion for reconsideration, which the Commission denied. The Respondents appealed these decisions to this court on July 22, 2015, and briefing has been completed. The matter is now ripe for decision.

## QUESTIONS PRESENTED

---

[3] 2014 WL 11048190 (Del. Super.).

[4] *Id.* at *5.

3

1.     Is the Commission's determination that SCI is a place of public accommodation supported by substantial evidence and free from legal error?

2.     Is the Commission's determination that the Respondents discriminated against Ovens in violation of DEAL supported by substantial evidence and free from legal error?

## DISCUSSION

### A.     Standard of Review

The Court's scope of review of decisions of the Commission is limited to a determination of whether the Commission's decision is supported by substantial evidence and free from legal error.[5] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] This court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[7] It merely determines if the evidence is legally adequate to support the agency's factual findings.[8] However, the court reviews of questions of law *de novo*.[9]

### B.     Public Accommodation

Section 4504 of DEAL provides, in pertinent part,

No person being the ... manager, director, supervisor, superintendent, agent or employee of any place of public accommodation, shall directly or indirectly refuse, withhold from or deny to any person, on the account of ... disability ... any of the

---

[5] *See Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965).

[6] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super.).

[7] *Johnson*, 312 A.2d at 66.

[8] 29 *Del. C.* §10142(d).

[9] *See Duvall v. Charles Connell Roofing*, 564 A.2d 1132 (Del. 1989).

4

accommodation, facilities, advantages or privileges thereof.[10]

A place of public accommodation is defined as:

> [A]ny establishment which caters to or offers goods or services or facilities to, or solicits patronage from, the general public. This definition includes state agencies, local government agencies, and state-funded agencies performing public functions. This definition shall apply to hotels and motels catering to the transient public, but it shall not apply to the sale or rental of houses, housing units, apartments, rooming houses or other dwellings, nor to tourist homes with less than 10 rental units catering to the transient public.[11]

The Commission determined that, as a matter of law, prisons are places of public accommodation as defined by DEAL. As noted above, the Commission was aware of the recent Superior Court case that reached the opposite conclusion. To reiterate, the Superior Court concluded prisons do not cater to the general public and, therefore, are not places of public accommodation; to wit:

> A correction facility clearly does not fit within the statutory definition of a place of public accommodation [pursuant to DEAL]. Correction facilities are designed specifically so that those people housed inside remain inside, and so those people outside of them are unable to gain access.[12]

The Commission dismissed that rationale, citing the following reasons: (a) the court's "legal conclusion is not based upon a full and in-depth analysis of the issue;" and (b) because the *Short* decision was pending appeal at the time, it was not conclusive authority on the matter.

The Commission erred in declining to follow the leading authority on the issue of whether a prison constitutes a place of public accommodation. The Superior Court, and, accordingly, all

---

[10] 6 *Del. C.* § 4504(a).

[11] 6 *Del. C.* § 4502(14).

[12] *Lum*, 2011 WL 5330507, at *5.

5

lower courts and administrative agencies, follows its prior decisions "except for urgent reasons and upon clear manifestation of error."[13] In this case, the Commission elected to reject not only the opinion of the Delaware courts but also, as it acknowledged, that of the majority of other state courts. There was no urgent reason or clear manifestation of error to justify the Commission revisiting an issue already decided by the Delaware Superior Court. The Commission's decision to do so constituted an error of law that requires reversal. Under Delaware law, prisons are not places of public accommodation and the Commission lacked jurisdiction to entertain Ovens' complaint.

**B. SCI's Policies**

Given the court's determination that SCI is not a place of public accommodation under DEAL and the Commission lacked jurisdiction to hear Ovens' complaint, the court need not address the question of whether the Commission's determination that the Respondents denied Ovens access to accommodations during his periods of incarceration is supported by substantial evidence and free from legal error.

### CONCLUSION

In light of the foregoing, the decision of the Commission is reversed.

IT IS SO ORDERED.

Very truly yours,

*/s/ T. Henley Graves*

T. Henley Graves

---

[13] *Wilmington Amusement Co. v. Pacific Fire Ins. Co.*, 21 A.2d 194, 196 (Del. Super. 1941).

oc:     Prothonotary
cc:     State Human Relations Commission