# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

**RICHARD F. STOKES**
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

November 5, 2018

Francis J. Jones, Jr., Esquire
Wilson A. Gualpa, Esquire
Morris James LLP
803 North Broom Street
Wilmington, Delaware 19806

Krista E. Shevlin, Esquire
William A. Crawford, Esquire
Franklin & Prokopik
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801

Re:    *Fritz v. Cincinnati Insurance Co.*,
         **C.A. No. S16C-11-006**

On Plaintiff's Motion for Reargument:    DENIED

Date Submitted:    September 4, 2018
Date Decided:      November 5, 2018

Dear Counsel,

Pending before the Court is a Motion for Reargument. On August 22, 2018, the Court issued a decision granting Defendant's Motion for Summary Judgment. Plaintiff subsequently filed a timely motion for reargument pursuant to Superior Court Civil Rule 59(e), alleging the Court misapplied the applicable law.

A motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1] A movant may neither present new arguments nor rehash those already presented to the Court.[2]

Plaintiff argues the Court improperly relied upon the case *Henry v. The Cincinnati Insurance*

---

[1] *Radius Services, LLC v. Jack Corrozi Constr.*, 2010 WL 703051, at * 1 (Del. Super. Ct. Feb. 26, 2010) (citation omitted).

[2] *Id.*

*Co.*[3] in denying its motion for summary judgment. In support of its contention, Plaintiff points out that the issue raised in *Henry* is different from the one raised in the case at bar. Specifically, Plaintiff observes the issue in *Henry* was whether the employee's claim for underinsured motorist ("UIM") coverage was subject to the pre-amendment or post-amendment verison of Delaware's Workers' Compensation Act ("WCA"). In this case, Plaintiff argues employer's self-insured status distinguishes it from precedent.

The Court understands that the matter Plaintiff raises in this case was not presented to the *Henry* court. Nevertheless, as here, the employer in *Henry* was self-insured. Thus, the language of the holding squarely addresses the situation at bar:

> [T]he pre-amendment version of the WCA applies to Employee's receipt of workers' compensation benefits, and subsequent claim to UIM benefits. Under the exclusivity clause of the pre-amendment version of the WCA, Employee is prohibited from receiving both workers' compensation benefits and UIM benefits under the Employer's insurance policy.[4]

The bottom line is that the Court could not accept Plaintiff's argument in this case without contradicting the language of the *Henry* decision. The Superior Court follows its prior decisions "except for urgent reasons and upon clear manifestation of error."[5] For this reason, the Defendant's motion for summary judgment was granted and Plaintiff's motion for reargument must be DENIED.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

oc:     Prothonotary

---

[3] 2018 WL 3640835 (Del. Super. Ct. July 31, 2018).

[4] *Id.* at * 4.

[5] *Wilmington Amusement Co. v. Pacific Fire Ins. Co.*, 21 A.2d 194, 196 (Del. Super. 1941).

2