HENRY VECHERY, an infant, by his next best friend, Frederic D. Vechery, and FREDERIC D. VECHERY, Appellants, v. HARTFORD ACCIDENT AND INDEMNITY INSURANCE COMPANY, a Connecticut corporation, Appellee.

(*April* 5, 1956.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*David Snellenburg, II* (of Killoran and Van Brunt) for appellants.

*Joseph H. Flanzer* for appellee.

Supreme Court of the State of Delaware, No. 19, 1955.

BRAMHALL, J.:

This appeal is based upon the refusal of the lower court to permit appellants to recover against appellee,—because of failure on the part of appellee's insured to give notice of suit and to forward suit papers,—the amount of judgment by default obtained by appellants against appellee's insured.

The appellee had insured William J. McCabe (hereafter "William" or "insured") against liability for damages arising out of automobile accidents. William was employed as an agent in the office of his father, John D. McCabe (hereafter "John"). John was licensed by appellee as agent for the purpose of soliciting applications for insurance. The agency was limited in its scope. John took applications for insurance and forwarded them to the home office for approval. If the approval was granted, appellee wrote the policy and forwarded it to John for John's counter-signature. John thereupon made delivery thereof and collected the premium therefor. John testified that on a few occasions he had given notice to the company of accidents involving policy holders of appellee but that he had never on behalf of any insured given notice to appellee of a claim or suit or forwarded suit papers to appellee. Any applications for insurance received by William were turned over to John, who, in turn, forwarded them to appellee.

On July 11, 1952, William was involved in an automobile accident. Notice thereof was given promptly to appellee. Appellants instituted suit for their loss against William on July 1, 1953. Service was made on William on July 8, 1953, by leaving a copy of the summons and complaint at his home in the presence of John. On August 12, 1953, appellants filed a motion for judgment by default against William by reason of his failure to appear and answer. On August 13, 1953, the motion was granted. The trial judge found as a fact that William did not notify appellee of the institution of suit or forward to appellee the summons and complaint served upon him until August 20, 1953. Upon receipt of summons and complaint by appellee, appellee's adjuster promptly called upon appellants' attorney. He notified appellants' attorney that the adjuster who would be handling this case was then on his vacation. He called attention to the lateness of the forwarding of suit papers and requested that the judgment by default be vacated, or, at least, that inquisition upon the judgment be held up for a short time until the return of the adjuster who would handle this case on behalf of appellee. The latter request was granted by appellants' attorney. In the latter part of August the adjuster for appellee in charge of the case, upon his return from his vacation, called upon appellants' attorney. He informed appellants' attorney of insured's failure to give notice of suit and forward suit papers in accordance with the contract of insurance and advised appellants' attorney that unless the suit could be settled amicably, or the judgment by default vacated, appellee would disclaim by reason of insured's breach of the contract of insurance. On September 17th, appellee's counsel, on behalf of William, asked leave to enter a special appearance and to vacate the judgment. The trial judge denied appellee's motion on October 16, 1953. Thereupon appellee on October 27, 1953, wrote appellee's insured, notifying him of the denial of the motion to vacate and advising him that because of insured's failure to give due notice of the insti-

tution of suit appellee was disclaiming all liability under the contract. On December 31, 1953, appellants instituted this action against appellee. Appellee denied liability. The trial judge entered judgment for appellee and appellants appealed.

Two questions are presented: (1) Was appellee duly notified of suit? and, (2) Did appellee waive its right to notice of suit?

### 1. Was Appeellee Duly Notified of Suit?

It is admitted that appellee received notice of the accident. The trial judge found that it received no notice of the suit until after judgment by default had been taken against appellee's insured. Under Rule 12 of the Superior Court, *Del. C. Ann.*,— unless otherwise directed by that Court,—insured had twenty days within which to file an answer. He failed to comply. Judgment by default followed.

The pertinent provisions of the policy with respect to notice are as follows:

"Notice of Accident. * * * When an accident occurs, written notice shall be given by or on behalf of the insured to the *company or any of its authorized agents* as soon as practicable."

"Notice of Claim or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the *company* every demand, notice, summons or other process received by him or his representative." [Italics supplied.]

It will be observed that the provisions as to the forwarding of notice of accident and the notice of suit are worded differently. In the former it is provided that notice shall be given "to the company or any of its authorized agents"; in the latter, notice shall be given "to the company".

Appellee contends that under the circumstances of this case, the failure by insured to forward the suit papers to appellee, or to give notice thereof, as provided by the policy, within a reasonable time after service upon insured, constitutes a violation

of the insurance contract. Appellants contend that appellee received notice, alleging that when the summons and complaints were served upon William in the presence of John, that fact constituted notice to John, since John was appellee's agent.

It is true that under some circumstances knowledge on the part of an agent is chargeable to the principal, even though not actually communicated by the agent to the principal. See cases cited in 2 *Am. Jur., Agency*, Sec. 374, p. 292, n. 4. But the same authorities also hold that such knowledge or notice must pertain to the duties of the agent, the subject matter of his employment and must not affect matters outside the scope of his employment. The agent having such knowledge or receiving such notice must have authority to act in regard to those matters affected by the knowledge or notice. *Trentor v. Pothen*, 46 *Minn.* 298, 49 *N. W.* 129; *Clement v. Young-McShea Amusement Co.*, 70 *N. J. Eq.* 677, 67 *A.* 82.

John was licensed by the Insurance Commissioner of this State as an insurance agent. His authority was in no way enlarged by the contract of employment between appellee and John. John was given no general powers involving the exercise of judgment or discretion. We find nothing in the contract between appellee and John to indicate that a managing or general agency was contemplated. See *Hotel Glenmore v. American Eagle Fire Ins. Co.*, 280 *App. Div.* 445, 114 *N. Y. S.* 2d 234.

Appellants in their brief say that it was the practice of both John and William to forward notice of accidents, claims and *suits*. However, we are unable to find anything in the record to substantiate appellants' contention as to suits. John specifically testified that he had never forwarded a summons and complaint to a general agent or to the company or given notice thereof.

Appellants cite a number of cases holding that notice to a general agent is binding upon the company. We assume this to be true, but the principle of law enunciated in those cases has no application here. As previously stated, John's agency was limited to negotiating the sale of insurance. He was in no sense

a general agent as that term is understood in the insurance field. It is provided in the policy that notice of suit and summons and complaint shall be forwarded "to the company". It is not disputed that such provision is reasonable and binding upon both insured and appellants.

Appellants assert in their brief that the injured person may perform conditions of the policy, the breach of which would work a forfeiture for and on behalf of the insurer. They call attention to the fact that their attorney wrote to insured, advising him that suit was being filed and enclosing copy of petition for appointment of next friend to prosecute the action. Conceding that the statement of law enunciated by appellants is generally speaking correct, it has no application to the facts of this case. In the first place, William was not an agent to receive notice of suit; in the second place, the notice was of an intention to institute suit, not of the actual beginning of the action. The suit papers when received must be forwarded to the company. The notice by appellants' attorney to the insured is of no effect in showing notice to appellee.

We think that the serving of the summons and complaint against William by leaving copies thereof in the presence of John did not constitute notice to appellee and did not comply with the terms of the contract of insurance.

## 2.   Did Appellee Waive Its Right To Notice Of Suit?

Appellants contend that appellee has waived any violation of the terms and conditions of the policy of insurance by conduct totally inconsistent with any disclaimer of liability. This contention is bottomed upon (1) conversation between agents of appellee and counsel for appellants, to the effect that appellee would disclaim any responsibility under the policy of insurance unless a reasonable settlement was reached, and (2) the filing by appellee, on behalf of William, of a motion for leave to enter a special appearance and for the vacation of the judgment by default. As to the latter, appellants contend that

appellee thereby undertook the defense of the suit on behalf of appellants.

To constitute a waiver the right alleged to have been waived must have been known to the person to be charged therewith and his waiver thereof must have been intentional. Such intention will not be implied from slight circumstances. *Miller, Inc. v. Northern Insurance Co.*, 3 *Terry* 523, 39 *A.* 2d 23; *Jones v. Savin*, 6 *Boyce* 180, 97 *A.* 591. Appellants aver that appellee had not formulated any intention to disclaim until after its motion to vacate the judgment was denied. Such statement is not warranted by the record. The record shows conclusively that appellee, through its adjusters, informed appellants that liability under the policy would undoubtedly be denied unless a satisfactory settlement could be made or appellee permitted to defend on the merits. Subject to these stipulations, appellee's position of denial of liability was consistent throughout. The fact that inquiry was made relative to the possibility of settlement or the vacation of the judgment by default or the request that no further action be taken until the return of appellee's adjuster in charge of the matter does not indicate any intent on the part of appellee to waive the forfeiture. See *Miller, Inc., v. Northern Ins. Co., supra; Nevil v. Wahl*, 228 *Mo. App.* 49, 65 *S. W.* 2d 123.

The fact that appellee filed a motion for leave to enter a special appearance and to vacate the judgment does not under the circumstances constitute an undertaking by appellee to defend the action. Judgment by default had been entered against insured by reason of his carelessness and indifference. Appellee, on his behalf, undertook to have the judgment vacated. Presumably, had its efforts in this respect been successful, appellee would then have defended the case on its merits and would thus have waived the breach. But it failed in its efforts. It then promptly notified insured that it was disclaiming responsibility. The burden of proof is upon one asserting the waiver to prove that the breach was in fact waived. *Aronson v. Frankfort Accident & Plate Glass Ins. Co.*, 9 *Cal. App.* 473, 99 *P.* 537; *Vander-*

*vliet v. Standard Accident Ins. Co.,* 209 *Mich.* 146, 176 *N. W.* 574. In our opinion appellants have not overcome this burden.

Appellants rely on the cases of *G. M. S. Realty Corp. v. Girard Fire & Marine Ins. Co.,* 8 *Terry* 216, 89 *A.* 2d 857, and *Brooks Transp. Co. v. Merchants' Mut. Casualty Co.,* 6 *W. W. Harr.* 40, 171 *A.* 207. *The G. M. S. Realty Corp.* case is not in point. There the insurance company's representative made a definite offer, without reservation, to settle on the basis of the lowest of three estimates obtained by the parties. Of course, this constituted a clear indication of the insurance company's intention to pay the claim. There was no offer of settlement here and therefore no agreement between the parties with respect to any settlement. Moreover, it is clear from the attitude of appellee's representatives that in the absence of a settlement or the vacation of the judgment appellee would disclaim responsibility.

In the *Brooks* case, counsel for appellee, who also represented the insurance company, during the course of the trial first learned of a variance between the statement given by insured to the company and his testimony during the trial. Counsel nevertheless continued with the defense. Judge Rodney, calling attention to the difference between that case and a variance occurring before the trial, stated that the question of whether or not there was a waiver was for the jury to determine. We do not think that this case has any application to the case on appeal for the reason that the breach in the present case occurred prior to the trial and prior to any undertaking on the part of appellee to represent appellants. The motion for leave to enter a special appearance and to vacate the judgment did not constitute a participation in the trial but was rather an attempt, without prejudice, to obtain permission to do so. Assuming, however, that the *Brooks* case is in point, Judge Rodney decided that it was a question for the jury. In the case on appeal the trial judge determined this question in favor of appellee on sufficient evidence. That finding we accept.

We conclude that the notice of the filing of suit papers given to appellee's insured did not constitute notice to appellee. We further find that there has been no waiver on the part of appellee of the breach of contract by the insured. The judgment of the Superior Court will be affirmed.