MARTHA G. GIORDANO, Plaintiff Below, Appellant, v. FRANCIS A. CZERWINSKI, Defendant Below, Appellee.

(*February* 1, 1966)

WOLCOTT, C.J., and CAREY and HERRMANN, JJ., sitting.

*Martha G. Giordano,* pro se.

*Edmund D. Lyons and Eduard F. von Wettberg, III,* of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellee.

Supreme Court of the State of Delaware, No. 37, 1965.

HERRMANN, Justice:

This appeal involves the propriety of the Superior Court's computation of the period of limitations under the circumstances of the case.

The matter is presented on the pleadings: By their complaint, the plaintiffs alleged that on January 30, 1960 they purchased a second automobile and requested the defendant, through whom they had previously acquired automobile insurance, to add the new car to the existing policy. It is alleged that the defendant stated that he would ascertain the amount of the premium and that, in the meanwhile, the plaintiffs could assume that the new automobile was covered by insurance. The plaintiffs further alleged that on February 2, 1960 the automobile was involved in an accident; that upon telephoning the

defendant to report the accident, the plaintiffs were informed for the first time that the automobile was not covered with insurance; that the defendant had never been licensed to sell insurance, but that the fact was not learned until March 1964 when inquiry was made of the State Insurance Commissioner; that the previous insurance which the plaintiffs thought they had purchased from the defendant had actually been procured by him from another agent. The plaintiffs further alleged that in December 1962 a judgment was rendered against them in an action arising from the accident; that they were obliged to pay the judgment, counsel fees and costs; and that their premium rates for automobile insurance have increased as a result.

The instant action was commenced on May 20, 1964, asserting two causes of action: (1) a contractual right of the plaintiffs to be indemnified by the defendant; and (2) fraud by the defendant in falsely representing that he was licensed to sell automobile insurance. The defense of limitations was raised. The Court below granted judgment on the pleadings in favor of the defendant. The plaintiff, Martha G. Giordano, appeals.

We agree with the Court below that no contractual right to indemnity is made to appear from the complaint; that the cause of action asserted is actually for breach of promise to provide or secure insurance coverage and should be treated as such. We think, too, that the Superior Court was clearly correct in holding that it appeared on the face of the pleadings that there was no proximate causal relationship between the alleged misrepresentation as to license and the loss complained of and that, therefore, such misrepresentation did not give rise to a cause of action for fraud.

As to the cause of action founded on contract, the Superior Court correctly computed the limitations period from the date on which the plaintiffs first learned that the defendant failed to provide or secure insurance. The controlling principles of law are settled: while the defendant's concealment of his failure to provide or secure coverage may have deprived him of the benefit of the Statute of Limitations, the deprivation continued only until the plaintiffs discovered the failure, or

could have discovered it by the exercise of due care and diligence; or, otherwise stated, while the Statute of Limitations may not apply when the acts complained of are fraudulently concealed from the plaintiff, such application is suspended only until his rights are discovered or could have been discovered by the exercise of reasonable diligence. *Lieberman v. First National Bank of Wilmington,* 8 Del.Ch. 519, 45 A. 901, 48 L.R.A. 514 (1900); *Bovay v. H.M. Byllesby & Co.,* 27 Del.Ch. 33, 29 A.2d 801 (1943); *Trainer v. Deemer,* 5 W.W.Harr. 396, 166 A.657 (1933).

In the instant case, it appears from the complaint that the plaintiffs learned of the defendant's failure to provide insurance on or about February 2, 1960, when they reported the accident to the defendant. Accordingly, the period of limitations was properly computed by the Superior Court from that date. Since the applicable period of limitations is three years (10 *Del.C.* Sec. 8106), it follows that the complaint filed on May 20, 1964 is barred by limintations.

Accordingly, we find no error in the judgment below and it is confirmed.