W. R. FERGUSON, INC., a corporation of the State of New Jersey, Plaintiff, v. WILLIAM A. BERBUSSE, JR., INC., a corporation of the State of New York, Defendant.

*(February* 7, 1966)

WRIGHT, J. sitting.

*Albert L. Simon,* for plaintiff.

*Bruce M. Stargatt,* and *Ben T. Castle* (of Young, Conaway, Stargatt & Taylor), for defendant.

Superior Court of Delaware for New Castle County, No. 488 Civil Action 1964.

WRIGHT, Judge.

This action is the result of a dispute over a construction contract. The contract executed by the plaintiff as a sub-contractor and the defendant as contractor was for the performance of work on the St.

Francis Hospital at Wilmington, Delaware. The plaintiff's claim is for an alleged unpaid balance under the term of the contract and for extra work not specifically provided for under the contract.

The defendant moves to dismiss the action or alternatively for judgment on the pleadings as to certain parts of the action.

The motion to dismiss is based on the failure of the plaintiff to submit the matter to arbitration. The pertinent section of the contract in connection with this contention provides:

"All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

The plaintiff contends that the defendant has waived its right to rely on the arbitration clause by (1) filing an answer and counterclaim without asserting the arbitration clause and (2) disregarding the arbitration provision in prior dealings with the plaintiff. There is not before me at this stage enough of a record to merit discussion of plaintiff's second point but the initial contention is worthy of consideration.

In opposition to this contention the defendant relies on three cases which are not in point. In *Shribman v. Miller,* 60 N.J. Super. 182, 158 A.2d 432 (1960) arbitration was raised in the answer as an affirmative defense. In *Wymard v. McCloskey & Co.,* 190 F.Supp. 420 (D.C.Pa. 1960) Affd. 292 F.2d 839 (C.A. 3 1961) and *Formigli Corporation v. Alcar Builders, Inc.,* 329 F.2d 79 (C.A. 3 1964) the arbitration question was raised by the defendants by motion prior to

answer.

The defendant also emphasizes the fact that the clause at bar makes arbitration a condition precedent to legal action. No Delaware case in point has been found and the cases cited by the plaintiff do not generally deal with the condition precedent type clause.

Independent School District No. 35, *St. Louis County v. A. Hedenberg & Co.*, 214 Minn. 82, 7 N.W.2d 511 (1943) dealt with this precise question. The Court there treated the arbitration clause as it would have any other clause in the contract recognizing that it was not self-executing and like other parts of the contract could be modified, rescinded or waived by the parties' agreements, acts or conduct. The Court also said:

"The 'condition precedent' clause is as binding on one party as on the other, but it may, along with the arbitration provision, be waived expressly or by implication. For, if the agreement to arbitrate never becomes operative, the agreement not to sue without arbitration, being dependent upon the agreement to arbitrate, also remains inoperative."

In *The Batter Building Materials Company v. Kirschner*, 142 Conn. 1, 110 A.2d 464 (1954) the court was confronted with the same clause that exists in the present case. While the court declined to find a waiver the possibility that a waiver might exist was recognized. See also *Zimmerman v. Cohen*, 236 N.Y. 15, 139 N.E. 764 (1923).

■ It seems clear that the arbitration clause presently before the court may be waived. I now turn to the question of whether or not there has been a waiver.

■ The complaint was filed September 9, 1964. The defendant answered on September 24, 1964. The answer contained a general denial, two affirmative defenses (not connected with arbitration), and a counterclaim. Both parties served interrogatories upon the other which were answered. On June 25, 1965, the defendant

filed this motion. Thus the matter of arbitration was first raised by the defendant some 9½ months after its answer was filed. I have no hesitation, under such circumstances, in holding that the defendant has waived the contract provision relating to arbitration.

Alternatively the defendant moves for judgment on the pleadings as to two of the plaintiff's claims. One such claim is that for extra work which defendant claims is barred by the following provisions of the contract:

"Section 5(c)—'To make all claims for extras, for extensions of time and for damage for delays or otherwise to the contractor in the manner provided in the General Conditions of the Contract and Supplementary General Conditions for like claims by the Contractor upon the Owner, except that the time for making claims for extra cost is one week'."

"Article 1(f)—'All time limits stated in the Contract Documents are of the essence of the Contract'."

The plaintiff, however, points to another provision of the contract which provides:

"In connection with 5(c) thereof, no claims for extra work will be allowed unless such claims * * * have been authorized by the General Contractor in writing previous to starting such."

At this stage plaintiff's argument is somewhat difficult to follow. It seems to be that this section supersedes and renders inapplicable the clauses relied on by the defendant. However, the plaintiff also denies that he is bound by the provision he cites contending that his claim does not come within the definition of "extra work" used in the provision.

■ Basic rules of contract interpretation require that internal inconsistencies be resolved without elimination of any contract provisions.

■ "Extra work" is usually defined as being work not foreseen at the time of entrance into the contract. 15A Words and Phrases, p. 701 et. seq.; *Collins v. Post*, 227 Or. 299, 362 P.2d 325 (1961).

Plaintiff's claim, however, is for extras necessitated by some negligence of the defendant in providing plaintiff with adequate specifications or by reason of the poor workmanship of the defendant or its other sub-contractors.

■ I conclude, therefore, that the plaintiff's claim actually is an item of "extra cost" coming within the one-week provision of the contract.

The final claim of the plaintiff which is resisted by the defendant by way of a motion for judgment on the pleadings is for certain items of damage under the following provision of the contract:

"Should either party to this Contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration."

■ It is apparent that the validity of this claim turns upon a construction of the phrase "reasonable time." The pleadings raise a substantial issue of fact in this connection and defendant's motion upon this cause of action must be denied.

Order accordingly.