Joseph F. Gagliardi, J.
Third-party defendant Lumbermens Mutual Casualty Company (hereinafter “Lumbermens”) moves for summary judgment dismissing the third-party complaint against it. Defendant and third-party plaintiff Madeline Luther was covered by an automobile liability insurance policy issued by Lumbermens on February 14, 1963. On that date, she was involved in the automobile accident which gives rise to this action against her. The policy had been obtained for her by third-party codefendant Donald Lynch, an insurance broker, through the “ assigned risk ” plan. She seeks indemnity against Donald Lynch and against Lumbermens which refuses to cover and defend her.
The difficulty is that Lumbermens received no written notice of the accident until it received a copy of an MV 104 accident report form on October 8,1964 — more than 18 months after the accident. The court agrees that notice on that date is not “ notice * * * as soon as practicable ” as required by the terms of the insurance policy.
However, Madeline Luther did call Donald Lynch, the insurance broker, on the evening of the accident, i.e., February 14, 1963. The issue is whether this satisfied the requirement of the policy. Madeline Luther has testified that she herself took no other steps to notify Lumbermens. Donald Lynch admitted in his deposition that he, in turn, did not notify Lumbermens until October 8, 1964.
Lumbermens denies that Lynch was a Lumbermens’ agent in any way so as to render notice to him binding upon it and Lynch confirmed this in his deposition. He swore that he was neither a Lumbermens ’ agent nor wrote insurance business for Lumbermens at the time. Bather, he ‘1 did business with the Assigned Risk” and “ obtained this policy by placing an application with the Assigned Risk Plan.” This was his only connection with Lumbermens. It is clear therefore that Donald Lynch was merely an ordinary insurance broker who had no apparent or real agency connection with Lumbermens. Notice to an ordinary insurance broker is not notice to the insurer (Arff v. Star Fire Ins. Co., 125 N. Y. 57, 63; see, also, Salzano v. Marine Ins. Co., 173 App. Div. 275 [4th Dept. 1916]). Normally, determination of the character of the broker in these cases is a question of fact, but here, Lumbermens took no steps to clothe Donald *538 Lynch with any indicia of agency except to forward the policy to him and accept the premiums from him. The policy was obtained through the assigned risk which makes acceptance of the risk a matter of duty enforced by law rather than of voluntary relationship with the broker (see, Insurance Law, § 63; Aetna Cas. & Sur. Co. v. O’Connor, 8 N Y 2d 359).
Therefore, Lumbermens’ motion for summary judgment is granted. The third-party complaint against it is severed and dismissed.