**BRADFORD, INC., a Delaware corporation,**

v.

**The TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, et al.**

**Francis E. AVALLONE and Bradford, Inc., a Delaware corporation, d/b/a Howard Johnson's, New Castle, Delaware**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation, and Harry S. Wilson.**

Superior Court of Delaware,
New Castle.

Nov. 17, 1972.

Richard P. Beck, Wilmington, for Bradford, Inc.

William F. Taylor, Jack B. Jacobs, Wilmington, for Travelers.

Elwyn Evans, Wilmington, for Avallone.

Wayne N. Elliott, Wilmington, for Morris.

Alfred M. Isaacs, Wilmington, for Hartford.

Albert L. Simon, Wilmington, for Wilson.

BIFFERATO, Judge.

This is a consolidated action for recovery under certain automobile insurance policies brought by Bradford, Inc. ("Bradford"), a Delaware corporation, and Francis E. Avallone ("Avallone"), a Delaware citizen, against The Travelers Indemnity Company ("Travelers") and Hartford Accident and Indemnity Company ("Hartford"), both Connecticut corporations conducting insurance business in Delaware. Bradford and Avallone have also sued Harry S. Wilson ("Wilson"), a Delaware citizen; Hartford has crossclaimed against Wilson; Wilson has crossclaimed against Hartford; and Bradford has set up a claim against Avallone. The defendants Travelers, Hartford and Wilson move for summary judgment.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a

matter of law." Rule 56(c), Superior Court Civil Rules. The moving party, if a defendant, must demonstrate to a reasonable certitude that there is no issue of fact which, if resolved in favor of the plaintiff, would hold the defendant liable. Davis v. University of Delaware, Del.Supr., 240 A.. 2d 583 (1968). If the defendant meets his burden of proof, the plaintiff may not rest upon mere allegations or denials in his pleadings, but his response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Palivoda v. Bruette, Del.Super., 250 A.2d 808 (1969). Finally, the facts must be stated in the light most favorable to the non-moving party. Hazewski v. Jackson, Del.Super., 266 A.2d 885 (1970).

On September 13, 1967, Avallone struck and injured Dorethea Morris while driving an automobile registered in his mother's name. The accident occurred while Avallone was in the course of carrying out a work-related errand which had been requested by the manager of his employer, Bradford, Incorporated. The accident was reported to the New Castle County police, and Avallone and Danny Carson, Bradford's assistant manager, went to the police station to file an accident report. Samuel Seletos, Bradford's manager, also went to the police station later in the day to ascertain if Avallone was charged with any violation and if any special procedure should be followed. Seletos learned that Avallone had not been cited with any criminal violation.

Seletos, even though it was his duty as manager to fill out the accident report forms for occurrences related to the Bradford restaurant which he managed, did not report the present accident to anyone else in the Bradford organization. Seletos' failure to file a report was the result of his belief that the accident need not be reported since it occurred off of the premises. Carson, who was to report such accidents in Seletos' absence, also did not report the accident since he was unaware of

the fact that the accident was related to Avallone's employment. Thus, Harry Bissell, Bradford's president, did not learn of the accident until the Spring of 1969 when Bradford was made a defendant in an action captioned "Dorethea Morris, et al. vs. Francis E. Avallone, et al., Civil Action No. 125, 1969, in the Superior Court of the State of Delaware in and for New Castle County." Upon being so informed of the accident, Bradford notified Travelers on or about March 18, 1969. Travelers refused to defend Bradford since notice was not given "as soon as practicable" as required by the terms of the policy and denied coverage with respect to any liability arising from the Avallone accident. Ultimately, the suit of Dorethea Morris was settled on terms requiring Bradford to pay her the sum of $22,000.00.

Bradford, seeks a declaration that Travelers is obligated to indemnify them for the $22,000 settlement liability. Travelers has moved for summary judgment.

Hartford, Avallone's insurance company, also refused to defend the Morris suit on the grounds that notice was not given "as soon as practicable" in accordance with the terms of its policy covering the Avallone automobile since actual notice was not received by Hartford until February 28, 1969. However, it is alleged that Wilson, the broker through whom the policy was obtained, was the agent of Hartford and that Avallone's mother informed him of the accident within one or two days of its occurrence. Wilson claims to have received no notice until some time in February of 1969. Hartford denies that Wilson was its agent and denies any liability to indemnify Bradford or Avallone as a result of the unexcused delay in giving notice. Hartford moves for summary judgment in its favor.

Finally, Wilson moves for summary judgment on the ground that the statute of limitations period has elapsed between the alleged oral notice of the accident to him (September 13 or 14, 1967) and the date on

which he was added as a defendant in this proceedings (October 26, 1970).

The merits of the defendants motions for summary judgment will be considered in their respective order below.

As noted above, Travelers moves for summary judgment on the ground that Bradford's unexcused eighteen month delay in notifying it of the accident excused it as a matter of law from liability since the policy provision which requires notice of the accident to the insurer "as soon as practicable" is a condition precedent to Travelers' liability. Travelers further argues that the delayed notice in the given case is unjustifiable.

■ It is well settled under Delaware law that compliance with a notice provision of this type is a condition precedent to a defendant insurance company's liability. Wilmington Amusement Co. v. Pacific Fire Insurance Co., 2 Terry 294, 21 A.2d 194 (1941); Vechery v. Hartford Accident & Indemnity Insurance Co., 10 Terry 560, 565, 121 A.2d 681 (1956). Delaware law further provides that a requirement to give notice "as soon as practicable" means within a reasonable time under the circumstances; mere time lapse is not the determining factor since such may be excusable. See: Home Indemnity Co. v. Ware, 183 F.Supp. 367 (D.Del.1960); and cases cited therein.

■■ This Court agrees that an unexcused eighteen month delay would be unreasonable as a matter of law. See cases cited in 13 Couch on Insurance 2d § 49:122 holding much shorter delays unreasonable. However, it must be decided whether the eighteen month delay is excusable under the present circumstances. Bradford relies on two theories which it claims excuses the delay in giving notice: (1) that Seletos' failure to report the accident was reasonable in light of his belief that no claim would be brought against Bradford, and (2) that Seletos' failure to report the acci-

dent was reasonable in light of his belief that Bradford's insurance did not pertain to the accident at hand.

■ This Court does not believe that the undisputed facts of the present case amount to an excusable error. The reason for so holding is that under well established principles of law the knowledge of an employee is imputed to his employer. See: Standard Accident Insurance Co. v. Sonne, 128 F.Supp. 83 (W.D.Ky.1954); and Vechery v. Hartford Accident and Indemnity Insurance Co., 10 Terry 560, 121 A.2d 681 (1956). Thus, Seletos' knowledge of the accident must be imputed to Bradford. With this the case, any belief by Bradford that a claim would not be brought against it or that its insurance coverage did not pertain to the present accident must be held to be unreasonable and not sufficient to excuse the eighteen month delay in giving notice of the accident to Travelers.

■ Finally, the Court rules that plaintiffs' argument that Travelers must show prejudice by the delay is in error. Judge O'Hara ruled that no such prejudice need be shown in State Farm Mutual Insurance Co. v. Fairy Bell Johnson et al., No. 954 Civil Action, 1970 (Unreported opinion dated October 7, 1971).

It is, therefore, held that plaintiffs have failed as a matter of law to show any facts of record to indicate that the eighteen month delay is excusable. Travelers' motion for summary judgment is granted.

Hartford's motion must next be decided. Two issues are raised: (1) is Wilson to be deemed Hartford's or Avallone's agent, and (2) is a seventeen month delay in giving notice to be considered "as soon as practicable" as required by the terms of the insurance policy.

The first issue is complicated by the fact that the Avallones obtained their policy with Hartford through the Delaware As-

signed Risk Plan. Thus, the specific question of whether an insurance broker who procures an insurance policy for an individual through the Assigned Risk Plan is to be considered as an agent of *the insurer* or as an agent of the insured is of first impression in this State.

■ A small number of other jurisdictions have dealt with this specific issue, however, and have laid down a general rule that absent any indicia of authority except possibly to forward the policy to the insured and to accept premiums from him, the broker is the agent of the insured, and, timely notice to the broker is not notice to *the insurer*. See: Gabriel *v.* Attigliato, 60 Misc.2d 536, 303 N.Y.S.2d 399 (1968); Iowa National Mutual Insurance Co. v. Richards, 229 F.2d 210 (7th Cir. 1956); American Casualty Company of Reading, Pa. v. Castellanos, 203 So.2d 26 (Fla.Dist. Ct.App.1967); and Nationwide Mutual Insurance Co. v. Mason, 218 So.2d 185 (Fla. Dist.Ct.App.1969). The two Florida cases cited above held that the broker was the insurer's agent, but these holdings were based on the finding of additional indicia of authority beyond the mere forwarding of the policy and collection of premiums. This Court can find no factual dispute as to any such additional indicia in the present case; and, therefore, must hold that Wilson was Avallone's agent and that notice was not given "as soon as practicable" as required by the terms of the Hartford policy.

Hartford's motion for summary judgment is granted.

Lastly, Wilson's *motion for summary* judgment on the ground of the running of the statute of limitations must be considered. In determining this motion the facts will be considered in the light most favorable to plaintiff. Wilson directs this Court's attention to the fact that more than three years has elapsed between the alleged oral notice of the accident to him on September 13 or 14, 1967, and the date on which he was added as a defendant to this proceedings, namely, October 26, 1970.

Three issues are raised by Wilson's motion: (1) what is the appropriate statute of limitations; (2) when did the statute of limitations begin to run; and (3) was the statute of limitations tolled by any act or omission of the defendant. Each of these issues will be considered in their respective order.

■ First, it is unclear from the pleadings whether the claim against Wilson sounds in contract or in tort. For purposes of the present motion, however, no *distinction need be drawn since we rule* that 10 Del.C. § 8106 is the applicable statute of limitations in either case. This is true since the statute of limitations pertaining to wrongful death and injury to personal property, 10 Del.C. Section 8106A, is limited to injuries accompanied by force. Hood v. McConemy, 53 F.R.D. 435, 444 (D.Del.1971). Thus, whether the present action sounds in tort or contract, 10 Del.C. § 8106 and its three year limitation applies.

■ Second, Delaware law provides that a cause of action for breach of contract accrues at the time of the breach and a cause of action in tort accrues at the time of injury. Nardo v. Guido DeAscanis & Sons, Inc., Del.Super., 254 A.2d 254, 256 (1969). Plaintiffs contend that the statute of limitations did not commence until the insured learned of Wilson's failure to communicate the notice. Therefore, it must be determined when the breach or injury to plaintiff occurred.

■ This Court must reject plaintiff's "time of discovery" argument since numerous Delaware cases have held that, absent other factors, the plaintiffs' ignorance of a cause of action does not affect the date on which the action accrues. Mastellone v. Argo Oil Corp., 7 Terry 102, 82 A.2d 379 (Del.Supr.1951); Nardo v. Guido DeAscanis & Sons, Inc., Del.Super.,

254 A.2d 254 (1969). The only case in which the doctrine was accepted was Layton v. Allen, Del.Supr., 246 A.2d 794 (1968) which involved a suit for medical malpractice. However, the narrow holding in *Layton* cannot be applied here since the Supreme Court went to great efforts to limit its holding to such medical malpractice cases. Therefore, this Court feels obliged to hold that the alleged injury or breach culminated on Wilson's failure to relay the alleged notice to Hartford.

Absent some tolling of the running of the limitation period, therefore, the plaintiffs' present actions would be barred since brought more than three years after the alleged oral notice to Wilson. Plaintiffs contend that the statute should be tolled until the insured knew or had reason to know of Wilson's failure.

The courts of this state have stated that fraudulent concealment tolls the running of the statute of limitations until such time as the cause of action is discovered or could have been discovered by due diligence. See: Giordano v. Czerwinski, 216 A.2d 874 (Del.Supr.1966) and *Layton,* supra at 799 of 246 A.2d. However, it also appears that the Delaware cases require the defendant to have actual knowledge of the wrong done and to have acted affirmatively in concealing the facts from the plaintiff. See: *Nardo,* supra 254 A.2d at 256; *Layton,* supra 246 A.2d at 798. This scienter requirement does not preclude a finding that Wilson fraudulently concealed his alleged negligence from the Avallones since for purposes of this motion it must be deemed that Wilson had knowledge of the accident and of the consequences of his failure to promptly report

such to Hartford. This is sufficient knowledge to satisfy the scienter requirement.

Finally, it must be determined if the "affirmative act" requirement, as found in the *Nardo* and *Layton* cases cited above, can be met since Wilson's concealment could possibly be said to amount only to nonfeasance. This Court rests its holding that there are sufficient questions of fact as to this requirement so as to preclude summary judgment on three grounds. First, the facts of the present case are sufficiently analogous to those found in *Giordano,* supra, so as to raise the question of fraudulent concealment by an affirmative act. Second, the Supreme Court in *Layton* did not foreclose the applicability of the concealment doctrine to the situation where the wrongdoer did not act affirmatively. Third, numerous state courts do not require an affirmative act where the wrongdoer bears a fiduciary duty to the plaintiff.

See Watts v. Mulliken's Estate, 95 Vt. 335, 115 A. 150 (1921); Connelly v. Bartlett, 286 Mass. 311, 190 N.E. 799 (1934); and Higbee v. Walsh, 229 Iowa 408, 294 N.W. 597 (1940); and generally 173 A.L.R. Limitation—Effect of Concealment § 13, pp. 578, 588.

Thus, since the doctrine of fraudulent concealment may be applicable to toll the running of the statute of limitations, this Court denies Wilson's motion for summary judgment.

Travelers' and Hartford's motions for summary judgment are granted; Wilson's motion for summary judgment is denied. It is so ordered.