COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: February 19, 2019
Date Decided: February 25, 2019

A. Thompson Bayliss, Esquire
Daniel J. McBride, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

John L. Reed, Esquire
Ethan H. Townsend, Esquire
DLA Piper LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Re:   *Pavel Menn v. Conmed Corp. and Endodynamix, Inc.*,
      C.A. No. 2017-0137-KSJM

Dear Counsel:

This letter opinion addresses Defendants' Motion for Leave to Amend Their

Answer.

## I.      Background

Conmed Corporation acquired Endodynamix, Inc. on July 30, 2014, through

a Stock Purchase Agreement. The Stock Purchase Agreement designated Pavel

Menn the representative of Endodynamix's selling stockholders.

Under the Stock Purchase Agreement, Endodynamix's selling stockholders

were entitled to post-closing "milestone" and "earnout" payments in connection

with the development and sale of certain products, including "clip appliers."

Plaintiff commenced this litigation on February 22, 2017, contending that

Conmed and Endodynamix breached the Stock Purchase Agreement by

discontinuing the development of clip appliers. In their initial answer filed on March 22, 2017, Defendants denied that they had discontinued developing the clip appliers.

In 2017, the parties responded to written discovery and document requests. In early 2018, the parties discussed engaging in mediation. Those discussions delayed litigation; mediation never happened. In the summer and fall of 2018, the parties identified deponents and scheduled depositions. The first deposition was set for October 16, 2018.

In September 2018, Defendants determined to discontinue development of the clip appliers. In part due to this factual development, Defendants determined to amend their answer. On October 5, 2018, in advance of depositions, Defendants sent their proposed amended answer to Plaintiff. Plaintiff opposed Defendants' filing of the amended answer.

The parties briefed Defendants' motion to amend and the Court heard oral arguments on February 19, 2019.

## II.    Analysis

Under Court of Chancery Rule 15(a), the Court freely grants leave to amend pleadings "when justice so requires."[1]  Justice generally requires resolving matters on their merits.[2]  For this reason, granting leave to amend is "very permissive."[3] The Court will grant leave "unless there is evidence of bad faith, undue delay, dilatory motive, undue prejudice or futility of amendment."[4]

Defendants' proposed amendments fall into three categories:

1.    Amendments reflecting Defendants' 2018 decision to discontinue development of the clip appliers and the rationale behind that decision.[5]

2.    Amendments converting prior admissions to qualified denials based on information obtained through discovery.[6]

---

[1] Ct. Ch. R. 15(a); *U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls, LLC*, 2005 WL 2093694, at *1 (Del. Ch. Mar. 30, 2005) ("This court freely grants leave to amend pleadings.").

[2] *Lillis v. AT&T Corp.*, 896 A.2d 871, 877 (Del. Ch. 2005), *decision clarified*, 2005 WL 311991 (Del. Ch. Nov. 17, 2005).

[3] *Id.* at 877.  *See also Bokat v. Getty Oil Co.*, 262 A.2d 246, 251 (Del. 1970) (granting leave to amend under rule 15(a) is "always addressed to the discretion of the trial court").

[4] *Lillis*, 896 A.2d at 877 n.11 (quoting *Fox v. Christina Square Assoc., L.P.*, 1995 WL 405744, at *2 (Del. Ch. June 19, 1995)).

[5] Mot. to Am. Ex. L ¶¶ 38, 60–75, 81–90.

[6] *Id.* ¶¶ 15–16.

> 3.     Amendments adding a new "Eighth Defense" based on a "legal arbiter" provision in the Stock Purchase Agreement.[7]

Defendants have made a sufficient showing as to the first two categories of amendments, which generally seek to conform the pleadings to Defendants' view of the evidence.[8]  Plaintiff argues that the first two categories are prejudicial because the amendments are factually inaccurate.  Plaintiff's "arguments do no more than convince me that the parties genuinely dispute the factual issues, that those issues should be resolved on their merits, and that I should not deny the defendant a good faith opportunity to correct its answer to conform with its present knowledge and belief about the facts relevant to this case."[9]  Also, there is no discovery deadline in this action.  Plaintiff's ability to seek discovery concerning the amended allegations ameliorates any prejudice resulting from the timing of the amendments.

---

[7] *Id.* ¶¶ 76–80.

[8] *See Save Our Cty., Inc. v. New Castle Cty.*, 2013 WL 1223600, at \*1 (Del. Ch. Mar. 27, 2013) (granting leave to amend where "the beneficial effect of correcting factual inaccuracies outweighs the risk of unfair prejudice"); *see also Gotham P'rs v. Hallwood Realty*, 1999 WL 1022069, at \*4 (Del. Ch. Oct. 18, 1999) (granting leave to amend to allow the defendant to "attempt to conform this pleading with the evidence as it now understands it").

[9] *Gotham P'rs*, 1999 WL 1022069, at \*3.

Defendants have not made a sufficient showing as to the proposed Eighth Defense.

Under Delaware law, a party waives its right to invoke an arbitration provision by "actively participat[ing] in a lawsuit or tak[ing] other action inconsistent with the right to arbitration . . . ."[10] This rule is in part due to the "essential purpose of arbitration, which is to provide an alternate dispute resolution mechanism that affords a relatively speedy remedy to the litigants while at the same [time] alleviating congestion in the docket of the court system."[11] A finding of waiver is particularly appropriate where a party seeking arbitration first obtains in litigation the benefits of discovery to which it might not be entitled in arbitration.[12]

The doctrine of waiver applies equally to a party asserting an arbitration provision as a defense. In *W.R. Ferguson, Inc. v. William A. Berbusse, Jr., Inc.*, the court found that a party waived an arbitration clause by participating in litigation.[13] There, the defendant first raised an arbitration clause as a defense nine

---

[10] *See SBC Interactive, Inc. v. Corp. Media P'rs*, 714 A.2d 758, 762 (Del. 1998) (quoting *Falcon Steel Co. v. Weber Eng'g Co.*, 517 A.2d 281, 288 (Del. Ch. 1986)); *see also Dorsey v. Nationwide Gen. Ins. Co.*, 1989 WL 102493, at *1 (Del. Ch. Sept. 8, 1989).

[11] *Dorsey*, 1989 WL 102493, at *2.

[12] *Id.*

[13] 216 A.2d 876, 878 (Del. Super. 1966).

and a half months after the litigation commenced and after the parties had engaged in written discovery.[14]  The court had "no hesitation, under such circumstances, in holding that the defendant . . . waived the contract provision relating to arbitration."[15]

Defendants did not raise the "legal arbiter" defense until approximately twenty-one months after litigation commenced and after the parties had engaged in written discovery and document production.  As in *W.R. Ferguson*, Defendants waived their right to assert defenses arising from the arbitration provision.

For these reasons, as to Defendants' proposed Eighth Defense, the motion to amend is DENIED.  The motion is otherwise GRANTED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Kathaleen St. Jude McCormick*

Vice Chancellor

KSJM/lef

---

[14] *Id.*

[15] *Id.*